THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA ANN FOX, | : CIVIL ACTION NO. 3:18-CV-1486 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Saporito) |
| v. | : |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | : |
| Defendant. | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

Pending before the Court is Magistrate Judge Joseph F. Saporito's Report and Recommendation ("R&R") (Doc. 20) in which he recommends that the decision of the Commissioner of Social Security be affirmed and Plaintiff's requests for the award of benefits or remand for a new administrative hearing be denied. (Doc. 20 at 37.) Plaintiff filed objections to the R&R, identifying three grounds on which the ALJ erred. (Doc. 21.) First, Plaintiff objects to the finding that the Administrative Law Judge ("ALJ") included all of the limitations identified by Sowmya Surapaneni, M.D., Plaintiff's treating rheumatologist, in her hypothetical questions to the Vocational Expert ("VE"). (Doc. 21 at 1.) Second, she objects to the finding that the ALJ properly discounted the opinion of James D. Sioma, D.O.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the current Acting Commissioner of Social Security, is substituted for former Acting Commissioner of Social Security Nancy Berryhill as the named defendant in this action.

(*Id.* at 2.) Third, Plaintiff objects to the finding that the ALJ properly evaluated Plaintiff's fibromyalgia. (*Id.* at 3.) Upon review of the R&R, the Court will adopt in part and overrule it in part.

## II. STANDARD OF REVIEW

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). Thus, to warrant de novo review, a plaintiff must file both timely and specific objections to the report. *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal

issues raised by the report." 866 F.3d at 100 (internal citations and quotation marks omitted).

## III. ANALYSIS

Upon de novo review of the matters to which Plaintiff objects, the Court finds that Plaintiff has not shown error on the basis of the R&R's assessment of the ALJ's consideration of Dr. Sioma's opinion or fibromalgia analysis.[2] However, the Court concludes that Plaintiff's objection related to Dr. Surapaneni points to the need for remand. Because the Court adopts the R&R in other respects, the following analysis is limited to the objection regarding Dr. Surapaneni's opinion.

Plaintiff posits that she objects to the Magistrate Judge's finding regarding the omission of some of Dr. Suarpaneni's findings in the hypotheticals to the VE because

> Dr. Surapaneni thought the Plaintiff could sit between four and six hours and stand or walk between thirty and sixty minutes in an eight hour workday. In her hypothetical questions to the Vocational Expert, the ALJ assumed the maximum sitting limitation of six hours and the maximum standing and walking limitations of sixty minutes each. This might have been acceptable had the maximum limits been Dr. Surapaneni's only limitations. The ALJ ignored without explanation the lesser limitations on sitting to less than six hours and standing and walking less than sixty minutes each in an eight hour workday. If the Plaintiff is limited to less than six hours sitting in an eight hour workday or less than one hour standing or walking in an eight hour workday, she would clearly not be able to complete an eight hour workday. Since the ALJ gave this

---

[2] The document titled "Plaintiff Files These Objections to the Report and Recommendation Filed by Magistrate Judge Joseph Saporito in the Above Claim for Social Security Disability Benefits" (Doc. 21) sets out three objections to the R&R. (*Id.* at 1-3.) Each objection is addressed in a single paragraph, the document contains only two citations to the record, and it is devoid of legal authority. (*Id.*) This document is not accompanied by a supporting brief. Despite these shortcomings, the Court has conducted de novo review of the objections raised.

3

> opinion significant weight, she must explain why she did not consider whether the Plaintiff was ever limited to less than six hours sitting or less than one hour each standing and walking.

(Doc. 21 at 1-2.)

The task of the reviewing Court is to determine whether "substantial evidence" supports the ALJ's decision—"'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, ---U.S.---, 139 S. Ct. 1148, 1154 (2019) (quoting *T-Mobile South, LLC v. Roswell*, 574 U.S. 293, 301 (2015)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir.1971) (internal citation omitted). "The search for substantial evidence is . . . a qualitative exercise without which . . . review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

It is well-established that it is necessary for the ALJ to analyze all probative evidence and set out the reasons for his decision. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000) (citations omitted). If she has not done so and has not sufficiently explained the weight given to all probative exhibits, "to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record

as a whole to determine whether the conclusions reached are rational." *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). In *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981), the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected: "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper."[3] *Id.* at 706-07. However, where a claimed error would not affect the outcome of a case, remand is not required. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

Here the ALJ afforded "significant weight" to Dr. Surapaneni's opinion in which he found that, in an eight-hour day, Plaintiff could stand for a total of thirty to sixty minutes, walk for a total of thirty to sixty minutes, and sit for a total of four to six hours. (R. 392 (Doc. 10-10 at 22).) Dr. Surapaneni also found that Plaintiff might have to walk "for a couple of minutes every hour or so." (*Id.*) In the hypothetical questions posed to the VE, the minimum combined standing/walking limitation was two hours. (R. 105 (Doc. 10-3 at 49).)

---

[3] There is no requirement that the ALJ discuss in its opinion "every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir.2004). Only where the ALJ rejects conflicting probative evidence must he fully explain his reasons for doing so. *See, e.g., Walker v. Comm'r of Soc. Sec.*, 61 F. App'x 787, 788–89 (3d Cir.2003) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983)). "[W]here [ a reviewing court] can determine that there is substantial evidence supporting the Commissioner's decision, ... the *Cotter* doctrine is not implicated." *Hernandez v. Commissioner of Social Security*, 89 Fed. Appx. 771, 774 (3d Cir.2004) (not precedential). Here, the *Cotter* doctrine is implicated because the Court cannot determine that the Commissioner's decision is supported by substantial evidence.

5

The Third Circuit Court of Appeals has held that to accurately portray a claimant's impairments, the ALJ must include "all credibly established limitations" in the hypothetical. *Rutherford,* 399 F.3d at 554 (citing *Plummer v. Apfel,* 186 F.3d 422, 431 (3d Cir.1999)). In *Zirnsak v. Colvin,* 777 F.3d 607 (3d Cir.2014), our Circuit Court summarized the framework set out in *Rutherford* for consideration of whether a limitation is credibly established:

> First, limitations that are supported by medical evidence and are "otherwise uncontroverted in the record" *must* be included in the ALJ's hypothetical for us to rely on the VE's response to that hypothetical. . . . However, where a limitation is supported by medical evidence, but is opposed by other evidence in the record, the ALJ has discretion to choose whether to include that limitation in the hypothetical. *Id.* This discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason.

777 F.3d at 614-15 (citing *Rutherford,* 399 F.3d at 554).

The ALJ did not provide any explanation for why she rejected the lower end of the durational limitations found by Dr. Surapaneni. (*See id.*) Therefore, the Court is unable to ascertain whether she properly rejected this aspect of Dr. Surapaneni's findings and properly excluded the lower-end assessment from consideration by the VE. The VE's identification of jobs Plaintiff could perform with a two-hour standing/walking limitation does not render this claimed error harmless—although the two-hour limitation accurately reflects the high end of Dr. Surapaneni's assessed walking/standing limitation, it does not address the lower aspect of the range.

Further, the Court cannot overlook the relationship of this claimed error to the ALJ's residual functional capacity determination that Plaintiff could "stand and/or walk 6 hours in an 8-hour day." (R. 23 (Doc. 10-2 at 23).) This assessment is far in excess of the limitations set out in Dr. Surapaneni's opinion to which the ALJ afforded significant weight and the ALJ's explanation of the RFC does not provide a basis for the discrepancy. (R. 23-29 (Doc. 10-2 at 24-30).) The six-hour assessment is apparently based on the opinion of Candelaria, Legaspi, M.D., the State Agency medical consultant (*see* R. 115 (Doc. 10-4 at 8)), an opinion which the ALJ afforded "partial weight" (R. 26 (Doc. 10-2 at 27)). Because the ALJ did not discuss this aspect of the State Agency consulting opinion or provide a reason why it was afforded more weight than the opinion of Dr. Surapaneni (*see* R. 23-29 (Doc. 10-2 at 24-30)), the ALJ shall also provide an explanation for this aspect of her RFC determination upon remand.

In the brief opposing Plaintiff's appeal, Defendant noted that "[t]he RFC is the most a claimant can perform. The ALJ is not required to find that a claimant can only perform the 'minimum tolerances' identified by her treating physician." (Doc. 18 at 7 n.4 (citing 20 C.F.R. §§ 404.1545, 416.945; *Wilkinson v. Comm'r Soc. Sec.*, 558 F. App'x 254, 255 n.1 (3d Cir. 2014)).) Defendant also asserts that the six-hour stand/walk determination made by the ALJ "comported with the medical records and the opinion of Candelaria Legaspi, M.D. (Tr. 115-17), and was consistent with Dr. Surapaneni's opinion based on the light and sedentary jobs identified by the VE (Tr. 103-106)." (Doc. 18 at 8 n.5.)

7

These assertions do not alter the need for remand. The authority cited in support of the proposition that "the RFC is the most a claimant can perform" does not negate the need for the ALJ to provide reasons for her assessment and explain the rejection of probative evidence discussed above.

Defendant's asserted validity of the RFC's stand/walk determination based on the opinions of Dr. Legaspi and Dr. Surapaneni is problematic in at least two ways. First, as discussed above, the ALJ herself did not provide a rationale for her sit/stand determination and, therefore, Defendant's purported justification for it is not based on the ALJ's assessment of the record. Defendant cannot do what the ALJ should have done and the *post hoc* rationalization cannot provide substantial evidence for her determination—the ALJ must provide justification for her conclusions in the first instance. *See, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). Further, even if the Court were to find merit in Defendant's *post hoc* reasoning, which it does not in this case for the reasons discussed below, the court should not "'supply a reasoned basis for the agency's action that the agency itself has not given.'"[4] *Gross v. Comm'r of Soc. Sec.*, 653 F. App'x 116, at *4 (3d Cir. 2016) (quoting *Christ the King Manor, Inc. v. Sec'y of Health & Human Services*, 730 F.3d 291, 305 (3d Cir. 2013)).

---

[4] This principle does not undermine the reviewing court's "responsibility to uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned." *Christ the King Manor, Inc. v. Sec'y of Health & Human Services*, 730 F.3d 291, 305 (3d Cir. 2013) (internal quotation omitted).

As for the merits of Defendant's *post hoc* justification for the RFC stand/walk determination, Dr. Legaspi is a consulting rather than examining source and examining sources--Drs. Surapaneni, Sioma, and Tubre as well as physical therapist Shelley Bitner--found Plaintiff far more compromised in these areas. (*See, e.g.*, R. 24-28 (Doc. 10-2 at 25-29).) Therefore, while Dr. Legaspi opined that Plaintiff could stand and/or walk for a total of six hours in an eight-hour day (R. 115 (Doc. 1-4 at 8)), the discrepancy between her assessment and those of the professionals who examined Plaintiff must be carefully considered.

Defendant's *post hoc* rationalization that the RFC stand/walk assessment "was consistent with Dr. Surapaneni's opinion based on the light and sedentary jobs identified by the VE" is a mischaracterization of his opinion and the VE questioning. To the extent the statement implies any direct consistency, i.e., that a stand/walk limitation of 30-60 minutes is consistent with a stand/walk assessment of 6 hours, the statement is misleading. To the extent the statement implies that the two-hour stand/walk hypothetical discussed above was consistent with Dr. Surapaneni's opinion, that hypothetical was not consistent with Dr. Surapaneni's assessment that Plaintiff's stand/walk capability ranged from one to two hours in an eight-hour day. Therefore, Defendant's statement of consistency is contradicted by record evidence.

Finally, review of Defendant's two-page response to Plaintiff's objections provides no basis to alter the conclusion that remand is necessary. Defendant does not directly address

9

the substance of Plaintiff's objections but asserts that the Court should adopt the R&R because Plaintiff's objections "merely rehash all of the points" considered therein. (Doc. 22 at 1.)

> To "re-address [the] issues [already raised by Plaintiff] would duplicate the thorough efforts of the Magistrate Judge and defeat any judicial efficiency gained by the report and recommendation process." *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445 at *2, 4 (E.D. Pa. Oct. 19, 2011) ("Repeatedly, courts, both within and outside of the Third Circuit, have held that objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to de novo review."); *see also Johnson v. Colvin*, No. 4:15-CV-1463, 2016 WL 3144250, at *2 nn.12, 13 (M.D. Pa. June 6, 2016) (declining to "waste judicial resources by rehashing the sound reasoning of the magistrate judge").

(Doc. 22 at 1-2.) While the Court agrees with this assessment in some respects, the need for independent review and analysis must be considered on a case-by-case basis in order to comply with the statutory obligations imposed upon a district court in this process.

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt the R&R (Doc. 20) in part and overrule it in part with the result that the Court will not adopt the recommendation that the Commissioner's decision be affirmed. Rather, the Court will remand this matter for further consideration consistent with this Memorandum Opinion. A separate Order is filing with this Memorandum Opinion.

Robert D. Mariani
United States District Judge